UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------X

PANTHER PARTNERS, INC., on Behalf : 
of Itself and All Others Similarly Situated,
: 
                 Plaintiff,            06 Civ. 12967 (PAC)
: 
    -against-
:           <u>OPINION & ORDER</u>
IKANOS COMMUNICATIONS, INC.,
et al., :

                Defendants. :

-------------------------------------------------------X

      HONORABLE PAUL A. CROTTY, United States District Judge:

      Panther Partners ("Plaintiff" or "Panther") moves, pursuant to Rules 59(e) and 60(b) of the Federal Rules of Civil Procedure, for reconsideration of the Court's Order of March 10, 2008, dismissing its class-action securities complaint against Defendant Ikanos Communications, Inc. ("Ikanos" or the "Company"), certain officers and directors,[1] Citigroup Global Markets Inc., and Lehman Brothers Inc. (collectively, "Ikanos"). For the reasons discussed below, Plaintiff's motion is denied.

## DISCUSSION

      The facts are stated in full in the Court's Order of March 10, 2008. See <u>Panther Partners, Inc. v. Ikanos Commc'ns, Inc.</u>, 538 F. Supp. 2d 662, 664-67 (S.D.N.Y. 2008). Familiarity is presumed and the facts will not be repeated here.

---

[1] The individual officers and directors are: Rajesh Vashist, Daniel K. Atler, Danial Faizullabhoy, Michael L. Goguen, Michael Gulett, Paul G. Hanses, and Gopal Venkatesh.

**I.     Motion for Reconsideration Standards**

It is well-settled that "[r]econsideration of a court's previous order is an 'extraordinary remedy to be employed sparingly in the interests of finality and conservation of scarce judicial resources.'" Parrish v. Sollecito, 253 F. Supp. 2d 713, 715 (S.D.N.Y. 2003) (citing In re Health Mgmt. Sys. Inc. Sec. Litig., 113 F. Supp. 613, 614 (S.D.N.Y. 2000)); see also 11 Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice and Procedure, § 2810.1 (2d ed. 1995). Under Rule 59(e), there are three general grounds for reconsideration: (1) an intervening change in law; (2) new evidence; and (3) the need to correct a clear error of law or prevent manifest injustice. Doe v. N.Y. City Dep't of Soc. Servs., 709 F.2d 782, 789 (2d Cir. 1983). Rule 60(b) permits relief from a judgment due to, inter alia, mistake, inadvertence, or newly discovered evidence. Fed. R. Civ. P. 60(b).

The standard for granting a motion for reconsideration "is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked—matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." Shrader v. CSX Transp. Inc., 70 F.3d 255, 257 (2d Cir. 1995). In this district, Local Rule 6.3 governs motions for reconsideration, and must be "strictly applied so as to avoid repetitive arguments on issues that have been considered fully by the Court." Dellefave v. Access Temps., Inc., No. 99 Civ. 6098 (RWS), 2001 WL 286771, at *1 (S.D.N.Y. Mar. 22, 2001). A motion for reconsideration is not an opportunity to renew arguments that the court considered and rejected, nor is it a chance for a party to re-argue a motion because it is dissatisfied with the original outcome. See In re Houbigant, Inc., 914 F. Supp. 997, 1001 (S.D.N.Y. 1996); see also Montanile v. NBC, 216 F. Supp. 2d 341, 342 (S.D.N.Y. 2002) (finding that a motion for reconsideration is not a mechanism by which to advance new legal theories, to cite additional cases, or to appeal a decision).

**II.     Analysis**

Plaintiff requests permission to replead its case in light of the Court's dismissal of the action under the "plausibility" standard set forth in Bell Atlantic Corp. v. Twombly, --- U.S.---, 127 S. Ct. 1955, 1975 (2007), particularly with regard to an allegation concerning a defect in Ikanos's VDSL (very-high-bit-rate digital subscriber line) Version Four Chip.  In defense of this request, Plaintiff argues:  (1) that the Court overlooked its initial request to replead (contained in the last line of its opposition to the motion to dismiss); (2) that the Proposed Second Amended Complaint ("PSAC") (a copy of which was attached to its motion for reconsideration) would provide new allegations sufficient to withstand a motion to dismiss; and (3) that "justice requires" the Court to grant permission to replead. (Pl.'s Mem. 1-2.)

While Fed. R. Civ. P. 15(a) provides that leave to amend "shall be freely given when justice so requires," the Court has broad discretion in deciding whether or not to grant such a request. Fei v. WestLB AG, No. 07 Civ. 8785 (HB), 2008 WL 594768, at *1 (S.D.N.Y. Mar. 5, 2008).  "Freely given" leave to amend does not mean that leave is to be granted in perpetuity. This is especially so when a dispositive motion has been issued and a decision on the merits made.  Indeed, the right to amend may be curtailed as a prudential matter once a motion to dismiss has been granted. See Nat'l Petrochemical Co. v. M/T Stolt, 930 F.2d 240, 245 (2d Cir. 1991) ("Unless there is a valid basis to vacate the previously entered judgment, it would be contradictory to entertain a motion to amend the complaint."); In re Crude Oil Commodity Litig., No. 06 Civ. 6677 (NRB), 2007 WL 2589482, at *2 n.3 (S.D.N.Y. Sept. 8, 2007) (denying a post-dismissal motion for reconsideration to amend the complaint when, inter alia, the request to amend was contained in the footnote of an opposition brief); see also 6 Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice and Procedure, § 1489 (2d ed. 1990) (noting that, by allowing post-judgment amendments, absent vacatur of the underlying order,

3

courts "would enable the liberal amendment policy of Rule 15(a) to be employed in a way that is contrary to the philosophy favoring finality of judgments and the expeditious termination of litigation").

A brief recitation of the procedural history of this matter demonstrates that Panther had multiple opportunities to cure the deficiencies in its Amended Complaint, but failed to do so. This action initially consisted of several individual complaints, one of which was filed by Panther on November 6, 2006. The Court consolidated the complaints into a single class-action, named Panther as Lead Plaintiff, and allowed Panther to file an Amended Complaint, which it did on April 24, 2007. Thereafter, by letter dated May 9, 2007, Ikanos notified both Panther and the Court of its intent to file a motion to dismiss, and detailed their view of the deficiencies of the Amended Complaint which would form the basis for its motion. Ikanos repeated the same deficiencies at a pre-motion conference on June 5, 2007.

Panther was clearly on notice of the purported inadequacies of its allegations, but elected not to amend again prior to the motion to dismiss. In lieu of amendment, Panther chose to defend its allegations on the merits pursuant to the pleading standards. Thereafter, on June 25, 2007, Ikanos served its motion to dismiss. Again, Plaintiff could have responded by filing an amended complaint, but did not do so. Instead, on the last line of the last page of its opposition brief, the Plaintiff wrote, "[i]n the event that this Court grants the motion [to dismiss], however, the Court should also grant Plaintiff leave to amend to correct any deficiencies identified by the Court." (Pl.'s Mem. Opp. 25, Aug. 24, 2007.) In short, rather than making substantive changes to the complaint under consideration, Panther chose instead to oppose the substance of the motion, and included a request to amend as a mere afterthought.

The proposed new allegations reveal that Panther has little—if any—"new evidence." Most of the proposed revisions merely identify the source of information (<u>viz</u>. Ikanos's former

4

Director of Quality and Reliability (PSAC ¶ 33)) already considered by the Court. Aside from this additional piece of detail, however, the allegations remain largely unchanged. The most compelling addition is a statement that "in the weeks leading up to the Secondary Offering, the defect issues with the VDSL Version Four chip became more pronounced as the Company received an increasing number of calls" from customers reporting that the chips were malfunctioning. (PSAC ¶ 34.) Nonetheless, these vague allegations that the defect issue "became more pronounced" and that Ikanos received an "increasing number of calls" suffer from the same defects as those rejected in the original Amended Complaint. As the Court stated in its March 10, 2008, Order:

> [The allegations] are silent about the rate at which chips were being returned . . . or the volume of the defect . . . . Nor do the allegations specify that Ikanos knew exactly what the particular defect was at that time. It is no secret that chips are subject to some percentage of failure (and here there is no pleading as to what a 'normal' defect rate is), so the allegation that 'there were defects' is meaningless without more. . . . To state a plausible claim under the Twombly standard, further context must be provided about these chip defect allegations. The Plaintiff must tell the Court what was going on when—and how much the defect experienced actually differed from the norm. . . . No plausibly pleaded fact suggests that Ikanos knew or should have known of the scope or magnitude of the defect problem at the time of the Secondary Offering. . . . [T]his is simply inadequate pleading.

Panther Partners, 538 F. Supp. 2d at 673.

Permitting the proposed amendment would be futile and, in any event, it would not serve the interests of justice. The direction that amendments shall be "freely given" does not contemplate serial adjustments to the pleadings based on a federal court's decision on the merits dismissing a complaint. Accordingly, the Court denies Plaintiff's motion to reconsider its Order of March 10, 2008, and denies the motion to amend its complaint.

## CONCLUSION

For the reasons set forth above, the motion for reconsideration is DENIED. The Clerk of Court is directed to terminate all pending motions.

Dated: New York, New York
       June 12, 2008

SO ORDERED

_____
PAUL A. CROTTY
United States District Judge