UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

―――――――――――――――――――――――― x
PANTHER PARTNERS INC., On Behalf of  : Civil Action No. 06-cv-12967 (PAC)
Itself and All Others Similarly Situated,  :
                                                                                 :  CLASS ACTION
                                          Plaintiff,  :
                                                                                      :  REPLY MEMORANDUM OF LAW IN
                                  vs.  :  FURTHER SUPPORT OF PLAINTIFF'S
                                                                                     :  MOTION FOR LEAVE TO FILE THE
IKANOS COMMUNICATIONS, INC., et al.,  :  [PROPOSED] THIRD AMENDED CLASS
                                                                                  :  ACTION COMPLAINT
                                 Defendants.  :
                                                                                      :
―――――――――――――――――――――――― x

Lead Plaintiff Panther Partners Inc. ("Plaintiff") respectfully submits this memorandum of law in further support of its motion for leave to file the [Proposed] Third Amended Class Action Complaint (the "PTAC").[1]

## I. PRELIMINARY STATEMENT

An unbiased recap of the proceedings in this case would conclude that the United States Court of Appeals for the Second Circuit (the "Second Circuit") remanded this case back to this Court because the Second Circuit believed the additional facts that Plaintiff presented to the appellate court during the appeal remedied any perceived pleading defects and that, with these new allegations, Plaintiff could sufficiently allege a claim under the Securities Act of 1933 (the "Securities Act"). Why else would the Second Circuit affirm this Court in all respects but remand the case to permit Plaintiff to file the instant motion?

Unable to contend with this obvious explanation, Defendants sidestep it by isolating the new allegations of the PTAC and argue that the new allegations add nothing to Plaintiff's claims. Well, the Second Circuit clearly thought the new allegations were meaningful. When the allegations of the PTAC are viewed collectively, it is clear that the PTAC sets forth a plausible inference that Ikanos Communications, Inc. ("Ikanos" or the "Company"): (i) knew at the time of the Secondary Offering that the defect rates for its VDSL Version Four chip were abnormally high and problematic for the Company; and (ii) should have disclosed the defect in the registration statement (the "Registration Statement") issued in connection with the secondary offering, but did not. Plaintiff respectfully submits that these allegations are sufficient to state a claim under the Securities Act.

---

[1] A copy of the PTAC was attached as exhibit A to the Declaration of Samuel H. Rudman In Support of Plaintiff's Motion for Leave to File the [Proposed] Third Amended Complaint, dated June 11, 2010. "¶__" refers to the PTAC.

Defendants' arguments opposing amendment are similarly without merit. There has been no showing of bad faith or undue prejudice that would warrant a denial of Plaintiff's motion. The Second Circuit remanded the case "in order to ensure justice" based on the "rapidly changing contours of the pleading standard." *Panther Partners, Inc. v. Ikanos Commc'ns, Inc.*, No. 08-3398-cv, at *6 (2d Cir. Sept. 17, 2009) [hereinafter *Summary Order*]. As a result of *Twombly* and *Iqbal*, Plaintiff has strived to reach the "pleading requirements [that were] substantially [raised] while this case was pending." *Id.*

Accordingly, it is respectfully submitted that the Court should grant Plaintiff permission to file the PTAC.

## II.  ARGUMENT

### A.  Plaintiff Should Be Permitted To Amend

Under Federal Rule of Civil Procedure 15(a), "[l]eave to amend should be freely given when justice dictates." *In re Winstar Commc'ns*, No. 01 CV 3014 (GBD), 2006 U.S. Dist. LEXIS 7618, at *4 (S.D.N.Y. Feb. 27, 2006) (citing *Rachman Bag Co. v. Liberty Mut. Ins. Co.*, 46 F.3d 230, 234-35 (2d Cir. 1995)); *see also Vandenberg v. Adler*, No. 98 Civ. 3544 (WHP), 2000 U.S. Dist. LEXIS 4050, at *12 (S.D.N.Y. Mar. 31, 2000) ("If a court grants a motion to dismiss, leave to amend under Fed. R. Civ. P. 15(a) should be 'freely given when justice so requires.'"). Furthermore, in the Summary Order, the Second Circuit stated that "[a]lthough plaintiff has had an opportunity to further amend its complaint after *Twombly* was decided, ***we proceed cautiously in light of the rapidly changing contours of the pleadings standard in order to ensure justice***." Summary Order at *6 (emphasis added). Thus, the Second Circuit held that, in this case, in order to ensure justice, the changing pleading standard provides a legitimate reason for allowing a further amendment.

In their opposition, Defendants raise a host of non-meritorious arguments against amendment which ignore the procedural posture of this case and should be rejected.

### B.     The PTAC Pleads a Claim for Violations of the Securities Act

Defendants isolate the new allegations in the PTAC and argue that these new allegations are insufficient to state a claim under the Securities Act.  Defendants are wrong.

As an initial matter, Plaintiff did not have far to go in order to remedy the defects in its pleading.  In the Summary Order, the Second Circuit specifically noted that the assertions in the Proposed Second Amendment Complaint, while not curing the deficiencies in the Amended Complaint, "'nudge[d] [plaintiff's] claims' closer 'to the line from conceivable to plausible.'" *Summary Order* at *5 (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 554, 570 (2007)). Now, Plaintiff's additional allegations in the PTAC push its claims over that line.

The PTAC alleges, among other things, that Ikanos: (i) knew that the defect rate was abnormally high and problematic for the Company; (ii) knew that the chips had been sold to its two largest customers, which comprised 72% of their Ikanos' revenues for 2005; and (iii) knew that the chips were being returned and that the Company would be negatively impacted.  These factors meet the standard for disclosure under Item 303(a) for what is "reasonably expect[ed to] have a material" impact on a company's financial performance.  Thus, Ikanos should have disclosed the defect issues with the VDSL Version Four chip in the Registration Statement but did not.  This failure constitutes a violation of Section 11 of the Securities Act.  *See Steckman v. Hart Brewing, Inc.*, 143 F. 3d 1293, 1296 (9th Cir. 1998) (holding that Section 11 imposes liability if a registrant "'omits to state a material fact required to be stated'" in the registration statement and that "any omission of facts 'required to be stated'" under Item 303 will produce liability).

Defendants argue that the allegation concerning the concentration of the VDSL Version Four chip sales to two customers adds nothing to Ikanos' knowledge of the severity of the defective chip problem. *See* Defendant CitiGroup Global Market Inc.'s Memorandum of Law in Opposition to Plaintiff's Motion for Leave to File the Third Amended Class Action Complaint at 6-10; Ikanos

- 3 -

Communications, Inc. and Individual Defendants' Opposition to Plaintiff's Motion for Leave to File the [Proposed] Third Amended Class Action Complaint at 6. To the contrary, the presence of defective chips in Ikanos' two main customers, Sumitomo Electric and NEC – which accounted for 72% of the Company's revenue in 2005 – would certainly put the Company on alert to the gravity of the problem. ¶34.   Indeed, a plausible inference can be drawn that when it became known that there was a defect in the chipsets sold to its two largest customers, Ikanos would know that it would be problematic for them.  This inference is reinforced by the allegations concerning the nature of the defect and the chipsets that were sold.  The PTAC alleges that Ikanos would be unable to determine which chips on the chipsets were defective so they would have to accept returns of all chipsets.  ¶38.  Given that Sumitomo Electric and NEC were the Company's largest customers and represented 72% of the Company's sales, Ikanos would know that these returns would be problematic for the Company and they should have disclosed this fact but did not.

### III.    CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that the Court permit Plaintiff the opportunity to file the PTAC.

DATED:  August 10, 2010    ROBBINS GELLER RUDMAN & DOWD LLP
SAMUEL H. RUDMAN
DAVID A. ROSENFELD

/s/ *Samuel H. Rudman*
SAMUEL H. RUDMAN

58 South Service Road, Suite 200
Melville, NY  11747
Telephone:  631/367-7100
631/367-1173 (fax)

Lead Counsel for Plaintiff

- 4 -

- 5 -

        ABRAHAM FRUCHTER & TWERSKY LLP
        JACK G. FRUCHTER
        One Pennsylvania Plaza, Suite 2805
        New York, NY  10119
        Telephone:  212/279-5050
        212/279-3655 (fax)

        Additional Counsel

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that on August 10, 2010, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to all counsel of record.

*s/ Samuel H. Rudman*
Samuel H. Rudman

ROBBINS GELLER
     RUDMAN & DOWD LLP
58 South Service Road, Suite 200
Melville, NY  11747
Telephone:  631/367-7100
631/367-1173 (fax)
E-mail: Srudman@rgrdlaw.com