UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 3-25-13

---------------------------------------- x
PANTHER PARTNERS INC., On Behalf of     :  Civil Action No. 06-cv-12967(PAC)
Itself and All Others Similarly Situated, :  (Consolidated)
                                         :
                            Plaintiff,   :  CLASS ACTION
                                         :
     vs.                                 :  [~~PROPOSED~~] ORDER PRELIMINARILY *PAC*
                                         :  APPROVING SETTLEMENT AND
IKANOS COMMUNICATIONS, INC., et al.,    :  PROVIDING FOR NOTICE
                                         :
                            Defendants.  :  ~~EXHIBIT A~~ *PAC*
---------------------------------------- x

814510_1

WHEREAS, an action is pending before this Court styled *Panther Partners Inc. v. Ikanos Communications, Inc., et al.*, Civil Action No. 06-cv-12967 (PAC) (the "Action");

WHEREAS, the parties having made application, pursuant to Federal Rule of Civil Procedure 23(e), for an order preliminarily approving the settlement of this Action, in accordance with a Settlement Agreement dated February 27, 2013 (the "Settlement Agreement"), which, together with the Exhibits annexed thereto, sets forth the terms and conditions for a proposed settlement of the Action and for dismissal of the Action with prejudice upon the terms and conditions set forth therein; and the Court having read and considered the Settlement Agreement and the Exhibits annexed thereto; and

WHEREAS, unless otherwise defined, all defined terms herein have the same meanings as set forth in the Settlement Agreement.

NOW, THEREFORE, IT IS HEREBY ORDERED:

1.  The Court does hereby preliminarily approve the Settlement Agreement and the Settlement set forth therein, subject to further consideration at the Settlement Hearing described below.

2.  A hearing (the "Settlement Hearing") shall be held before this Court on _July 8_, 2013, at _4 p_.m., at the Daniel Patrick Moynihan United States Courthouse, Courtroom 11D, 500 Pearl Street, New York, New York, to determine whether the proposed Settlement of the Action on the terms and conditions provided for in the Settlement Agreement is fair, reasonable, and adequate to the Class and should be approved by the Court; to determine whether a Judgment as provided in ¶1.10 of the Settlement Agreement should be entered; to determine whether the proposed Plan of Distribution should be approved; to determine any amount of fees and expenses that should be awarded to Lead Counsel for their service to the Class; to hear any objections by Class Members to

the Settlement Agreement or Plan of Distribution or any award of fees and expenses to the Lead Counsel and to the Lead Plaintiff; and to consider such other matters as the Court may deem appropriate.

3. Pursuant to Rule 23 of the Federal Rules of Civil Procedure, the Court certifies for purposes of settlement only a Class defined as all Persons who purchased the common stock of Ikanos Communications, Inc. ("Ikanos" or the "Company") in the Company's secondary public offering on or about March 17, 2006 (the "Secondary Offering"). Excluded from the Class are:

(a) Persons or entities who submit valid and timely requests for exclusion from the Class; and

(b) Defendants, members of the immediate family of any such Defendant, any person, firm, trust, corporation, officer, director or other individual or entity in which any Defendant has or had a controlling interest, the officers and directors of any Defendant, and legal representatives, agents, executors, heirs, successors or assigns of any such excluded Person. The Defendants or any entity in which any of the Defendants has or had a controlling interest (for purposes of this paragraph, together a "Defendant-Controlled Entity") are excluded from the Class only to the extent that such Defendant-Controlled Entity itself purchased a proprietary (*i.e.* for its own account) interest in the Company's common stock. To the extent that a Defendant-Controlled Entity purchased Ikanos stock in a fiduciary capacity or otherwise on behalf of any third-party client, account, fund, trust, or employee benefit plan that otherwise falls within the Class, neither such Defendant-Controlled Entity nor the third-party client, account, fund, trust, or employee benefit plan shall be excluded from the Class with respect to such Ikanos stock.

4. For purposes of settlement only, the Court finds that the prerequisites for a class action under Rules 23(a) and (b)(3) of the Federal Rules of Civil Procedure have been satisfied in

814510_1

that: (a) the members of the Class are so numerous that joinder of all Class Members in the class action is impracticable; (b) there are questions of law and fact common to the Class that predominate over any individual question; (c) the claims of the Lead Plaintiff are typical of the claims of the Class; (d) Lead Plaintiff and its counsel have fairly and adequately represented and protected the interests of Class Members; and (e) a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

5. Pursuant to Rule 23(c) of the Federal Rules of Civil Procedure, the Court appoints for settlement purposes only the firm Gilardi & Co. LLC ("Claims Administrator") to supervise and administer the notice procedure as well as the processing of claims as more fully set forth below:

(a) Not later than five (5) days after the entry of this Order, Ikanos shall cause its transfer agent to provide to Lead Counsel and/or the Claims Administrator, in an electronic format acceptable to the Claims Administrator, the last known names and addresses of all Persons who purchased shares in Ikanos's Secondary Offering;

(b) Not later than [a date approximately 14 days after the Court signs and enters this Order] __April 8__, 2013 (the "Notice Date"). Lead Counsel and/or the Claims Administrator shall cause a copy of the Notice and the Proof of Claim and Release form, substantially in the forms annexed as Exhibits A-1 and A-2 hereto, to be mailed by First-Class Mail to all Class Members who can be identified with reasonable effort and to be posted on its website at www.gilardi.com;

(c) Not later than [a date approximately 10 days after the Notice Date] __April 18__, 2013, the Claims Administrator shall cause the Summary Notice to be published once in the national edition of *Investor's Business Daily* and once over the *Business Wire*; and

- 3 -

(d) Not later than [a date approximately 14 days prior to the Settlement Hearing] _June 24_, 2013. Lead Counsel shall serve on Defendants' counsel and file with the Court proof, by affidavit or declaration, of such mailing and publishing.

6. Nominees who purchased Ikanos common stock for the benefit of another Person in the Secondary Offering, shall be requested to send the Notice and Proof of Claim and Release form to such beneficial owners of Ikanos common stock within ten (10) calendar days after receipt thereof, or send a list of the names and addresses of such beneficial owners to the Claims Administrator within ten (10) calendar days of receipt thereof, in which event the Claims Administrator shall promptly mail the Notice and Proof of Claim and Release form to such beneficial owners.

7. Other than the cost of providing the names and addresses of Persons who purchased shares in the Secondary Offering to Lead Counsel and/or the Claims Administrator, all fees, costs, and expenses incurred in identifying and notifying members of the Class shall be paid from the Settlement Fund and in no event shall Defendants bear any responsibility for such fees, costs, or expenses.

8. All members of the Class (except Persons who request exclusion pursuant to ¶11 below) shall be bound by all determinations and judgments in the litigation concerning the Settlement, including, but not limited to, the releases provided for therein, whether favorable or unfavorable to the Class, regardless of whether such persons seek or obtain by any means, including, without limitation, by submitting a Proof of Claim and Release form or any similar document, any distribution from the Settlement Fund or the Net Settlement Fund.

9. Class Members who wish to participate in the Settlement shall complete and submit the Proof of Claim and Release form in accordance with the instructions contained therein. Unless

the Court orders otherwise, all Proofs of Claim and Release must be postmarked no later than [a date approximately 90 days from the Notice Date] __July 8__, 2013. Any Class Member who does not submit a Proof of Claim and Release within the time provided shall be barred from sharing in the distribution of the proceeds of the Net Settlement Fund, unless otherwise ordered by the Court, but shall nevertheless be bound by any final judgment entered by the Court. Notwithstanding the foregoing, Lead Counsel shall have the discretion to accept late-submitted claims for processing by the Claims Administrator so long as distribution of the Net Settlement Fund is not materially delayed thereby.

10. Any member of the Class may enter an appearance in the Action, at his, her, or its own expense, individually or through counsel of their own choice. If they do not enter an appearance, they will be represented by Lead Counsel.

11. Any Person falling within the definition of the Class may, upon request, be excluded or "opt out" from the Class. Any such Person must submit to the Claims Administrator a request for exclusion ("Request for Exclusion"), postmarked no later than [a date approximately 55 days after the Notice Date] __June 3__, 2013. A Request for Exclusion must be signed and state (a) the name, address, and telephone number of the Person requesting exclusion; (b) the Person's purchases of Ikanos common stock in the Secondary Offering and any sales of Ikanos common stock from March 17, 2006, through November 5, 2006, inclusive, including the dates, the number of shares of Ikanos common stock purchased or sold, and price paid or received for each such purchase or sale; and (c) that the Person wishes to be excluded from the Class. All Persons who submit valid and timely Requests for Exclusion in the manner set forth in this paragraph shall have no rights under the Settlement Agreement, shall not share in the distribution of the Net Settlement Fund, and shall not be bound by the Settlement Agreement or any final judgment.

814510_1

12.     Lead Counsel shall cause to be provided to Defendants' counsel copies of all Requests for Exclusion, and any written revocation of Requests for Exclusion, as expeditiously as possible and in any event not less than seven (7) days prior to the Settlement Hearing.

13.     Any member of the Class may appear and object if he, she, or it has any reason why the proposed Settlement of the Action should not be approved as fair, reasonable and adequate, or why a judgment should not be entered thereon, why the Plan of Distribution should not be approved, why attorneys' fees and expenses should not be awarded to counsel for Lead Plaintiff for their service to the Class; provided, however, that no Class Member or any other Person shall be heard or entitled to contest the approval of the terms and conditions of the proposed Settlement, or, if approved, the Judgment to be entered thereon approving the same, or the order approving the Plan of Distribution, or any attorneys' fees and expenses to be awarded to Plaintiffs' Counsel, unless written objections and copies of any papers and briefs are received by Robbins Geller Rudman & Dowd LLP, Helen J. Hodges, 655 West Broadway, Suite 1900, San Diego, CA 92101; Robbins Geller Rudman & Dowd LLP, Samuel H. Rudman, David A. Rosenfeld, 58 South Service Road, Suite 200, Melville, NY 11747; Orrick, Herrington & Sutcliffe LLP, James N. Kramer, 405 Howard Street, San Francisco, CA 94105; and Paul, Weiss, Rifkind, Wharton & Garrison LLP, Daniel J. Toal, 1285 Avenue of the Americas, New York, NY 10019, on or before [a date approximately 55 days from the Notice Date] _June 3_, 2013; and said objections, papers, and briefs are filed with the Clerk of the United States District Court for the Southern District of New York, on or before _June 3_, 2013. Any member of the Class who does not make his, her, or its objection in the manner provided shall be deemed to have waived such objection and shall forever be foreclosed from making any objection to the fairness, reasonableness, or adequacy of the proposed Settlement as incorporated in the

814510_1

Settlement Agreement, to the Plan of Distribution, and to the award of attorneys' fees and expenses to Plaintiffs' Counsel, unless otherwise ordered by the Court.

14. All funds held by the Escrow Agent shall be deemed and considered to be in *custodia legis*, and shall remain subject to the jurisdiction of the Court, until such time as such funds shall be distributed pursuant to the Settlement Agreement and/or further order(s) of the Court.

15. All papers in support of the Settlement, Plan of Distribution, and any application by Plaintiffs' Counsel for attorneys' fees and expenses shall be filed and served no later than [a date approximately 35 days after the Notice Date] _May 13_, 2013 and any reply papers shall be filed and served no later than [a date approximately 14 days prior to the Settlement Hearing] _Jun 24_, 2013.

16. The Released Persons shall have no responsibility for the Plan of Distribution or any application for attorneys' fees or expenses submitted by Plaintiffs' Counsel, and such matters will be considered separately from the fairness, reasonableness, and adequacy of the Settlement.

17. At or after the Settlement Hearing, the Court shall determine whether the Plan of Distribution proposed by Lead Counsel, and any application for attorneys' fees and expenses should be approved.

18. All reasonable expenses incurred in identifying and notifying Class Members as well as administering the Settlement Fund shall be paid as set forth in the Settlement Agreement. In the event the Court does not approve the Settlement, or it otherwise fails to become effective, neither Lead Plaintiff nor any of its counsel shall have any obligation to repay any amounts actually and properly incurred or disbursed pursuant to ¶¶3.6 or 3.7 of the Settlement Agreement.

19. Neither the Settlement Agreement, nor any of its terms or provisions, nor any of the negotiations or proceedings connected with it, shall be construed as an admission or concession by

814510_1

Defendants or any other Released Persons of the truth of any of the allegations in the Action, or of any liability, fault, or wrongdoing of any kind.

20. All proceedings in the Action are stayed until further order of this Court, except as may be necessary to implement the Settlement or comply with the terms of the Settlement Agreement. Pending final determination of whether the Settlement should be approved, neither the Lead Plaintiff nor any Class Member, either directly, representatively, or in any other capacity shall commence or prosecute against any of the Released Persons any action or proceeding in any court or tribunal asserting any of the Released Claims.

21. The Court reserves the right to alter the time or the date of the Settlement Hearing without further notice to the members of the Class, provided that the time or the date of the Settlement Hearing shall not be set at a time or date earlier than the time and date set forth in ¶2 above, and retains jurisdiction to consider all further applications arising out of or connected with the proposed Settlement. The Court may approve the Settlement, with such modifications as may be agreed to by the Settling Parties, if appropriate, without further notice to the Class.

IT IS SO ORDERED.

DATED: __March 25, 2013__   __/s/ Paul Crotty__
THE HONORABLE PAUL A. CROTTY
UNITED STATES DISTRICT JUDGE